IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY SALMON, #259728, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>REOSHA BUTLER, *et al.,* )<br>)<br>Respondents. ) | CASE NO. 1:22-cv-463-MHT-JTA<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Alabama inmate Jerry Salmon's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Salmon challenges his 2009 convictions for first-degree robbery entered against him by the Circuit Court of Houston County, Alabama. For the reasons discussed below, the undersigned recommends that Salmon's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

**I.  BACKGROUND AND PROCEDURAL HISTORY**

**A.  Salmon's State Court Convictions and Subsequent Petitions**

On January 14, 2009, Petitioner Jerry Salmon pleaded guilty to four counts of first-degree robbery in the Circuit Court of Houston County. Doc. 12-3 at 7; Doc. 12-5 at 7; Doc. 12-7 at 7; Doc. 12-8 at 8, 27–28. The court sentenced Salmon to imprisonment for thirty years for each robbery count, with the sentences to run concurrently. Doc. 12-3 at 8, Doc. 12-5 at 8, Doc. 12-7 at 8, Doc. 12-8 at 9. Salmon did not pursue a direct appeal of his convictions.

On June 5, 2013, Salmon filed a petition for writ of mandamus, which the appellate court denied on August 23, 2013. Doc. 12-1 at 6, Doc. 12-2 at 5, Doc. 12-4 at 5, Doc. 12-6 at 6. In addition, it appears that, in September 2015, Salmon sought state habeas relief by filing a petition under Ala. R. Crim. P. 32, which was swiftly denied by the court. Doc. 12-6 at 5-6.

**B. Salmon's § 2254 Petition**

On July 8, 2022, Salmon, proceeding *pro se*, filed this § 2254 habeas corpus petition in the United States District Court for the Southern District of Alabama. Doc. 1. This petition was transferred to this court on August 4, 2022. Salmon's § 2254 petition sets forth the following claims:

> Ground One: His arrest and detention were unlawful because the police failed to properly advise him of his Miranda rights.
>
> Ground Two: The complaint and arrest warrant were invalid because no affidavits or witness statements under oath were attached.
>
> Ground Three: Relevant documents were withheld from him in violation of due process under the 4th and 14th Amendments.
>
> Ground Four: His arrest and detention generally violated the 4th, 5th, 6th, and 14th Amendments.

Doc. 1.

Respondents argue Salmon's petition must be denied because the claims are time-barred by AEDPA's statute of limitations and the claims are procedurally barred.[1] Doc. 12

---

[1] Namely, Respondents argue that Salmon's claims have not met the exhaustion requirement under § 2254(b)(1) since they were not subjected to a complete round of appellate review in the Alabama courts as required by *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Doc. 12 at 9, 11. Respondents also argue that Salmon failed to raise his claims in trial court or on direct appeal and

2

at 5, 9. The undersigned agrees that the claims are barred by AEDPA's statute of limitations and thus recommends the petition be denied without an evidentiary hearing and this case be dismissed with prejudice.[2]

## II. DISCUSSION

### A. AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") specifies that federal habeas petitions are subject to the following statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

has thus procedurally defaulted his claims under *Coleman v. Thompson*, 501 US 722 (1991). Doc. 12 at 8, 10.

[2] Because the petition is time-barred, the undersigned foregoes any discussion of Salmon's alleged procedural default.

>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Application of Statute of Limitations to Salmon's Petition

Absent tolling or some other exception, a § 2254 petition like Salmon's must be filed within a year after the date on which the state court's judgment of conviction becomes final, either through conclusion of direct review or expiration of the time for seeking direct review.[3] *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006).

Salmon did not file his § 2254 petition within the statute of limitations set out in § 2244(d)(1)(A). The court sentenced Salmon on January 14, 2009. Doc. 12-3 at 8, Doc. 12-5 at 8, Doc. 12-7 at 8, Doc. 12-8 at 9. Since a notice of appeal must be filed within 42 days under Ala. R. App. P. 4(b)(1), and Salmon allowed the time to expire without seeking direct review, the state court's judgment on Salmon's convictions became final on February 26, 2009. On that date, the AEDPA's one-year statute of limitations began to run. Absent some effective tolling event, whether statutory or equitable, Salmon had until February 26, 2010, to file a timely habeas petition under § 2254.

### 1. Statutory Tolling

---

[3] Salmon disputes the applicability of this requirement. In his petition, he argues that his habeas challenge falls under federal and constitutional laws and thus cannot be procedurally barred. Doc. 1 at 11. This, however, fails to recognize that regardless of Salmon's underlying substantive claims against Respondents, AEDPA clearly sets out a statute of limitations for the kind of habeas relief he seeks in federal court. 28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although the state court record reflects that Salmon moved for post-conviction relief under Ala. R. Crim. P. 32,[4] he did so <u>five years after</u> the 2010 deadline set by § 2244(d)(1)(A). This was too late. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *McCloud v. Hooks*, 560 F.3d 1223, 1226 (11th Cir. 2009) ("While a Rule 32 petition is a tolling motion under § 2244(d)(2), it cannot toll the one-year limitations period if that period has expired prior to filing the Rule 32 petition.") (citations omitted). Therefore, the filing of Salmon's Rule 32 petition had no tolling effect under § 2244(d)(2) because AEDPA's statute of limitations had run unabated without a tolling event for the entire year after Salmon's convictions became final.

Further, Salmon sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). He has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable

---

[4] *See* Doc. 12-6 at 5.

5

to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.

For Salmon, the limitations period under § 2244(d)(1)(A) for challenging his conviction expired on February 26, 2010. He filed his § 2254 petition on July 8, 2022, twelve years after the expiration of the limitations period under § 2244(d)(1)(A). Salmon's petition is untimely under AEDPA.

### 2. Equitable Tolling

The AEDPA statute of limitations can be tolled on an equitable basis when a petitioner demonstrates he submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," and the extraordinary circumstance prong requires a causal connection between the alleged extraordinary circumstance and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citations omitted). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Salmon has failed to meet this burden. While he insists that the government has wronged him, he does not allege any extraordinary circumstances that demand an equitable

tolling of the limitations period, much less one that applies from 2010 (the § 2244 deadline) through 2015 (the Rule 32 petition) and then 2022 (the present petition).[5]

Thus, Salmon has failed to establish that his limitations period had been tolled on either statutory or equitable grounds. His petition is therefore time-barred and his claims are not subject to federal habeas review.[6]

## III.    CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that the 28 U.S.C. § 2254 Petition for Habeas Corpus relief filed by Jerry Salmon be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A) and this case be DISMISSED with prejudice.

It is further ORDERED that, by **December 3, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

---

[5] To argue that his petition's limitations period should be equitably tolled, Salmon relies upon *Socha v. Bougton*, 763 F.3d 674 (7th Cir. 2014). Doc. 14. Salmon takes *Socha* to be a model for a general principle that "[s]ometimes it takes longer to review the possibilities, discard the least promising, and write a concise pleading than it would to write a kitchen sink petition." Doc. 14. Yet, *Socha* is simply a case where the kind of extraordinary circumstances required for equitable tolling were actually found to exist. *See Socha*, 763 F.3d at 688. Salmon fails to cite circumstances in this case remotely similar to those in *Socha*, where the petitioner was repeatedly stonewalled by previous defense counsel, lacked access to his entire legal file, and took prompt and proactive action to meet deadlines set by the court. *Id.* at 679-80. Consequently, the undersigned is not persuaded by Salmon's reliance on *Socha*.

[6] Salmon makes no claim that he is actually innocent to operate as a gateway to review of the claims in his time-barred petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 15th day of November, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE